**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Koroma, on behalf of K.M.R. | No. CV-19-04459-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Tamara Koroma's Application for Supplemental Security Income on behalf of her minor child, K.M.R., by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, Pl. Br.), Defendant Social Security Administration Commissioner's Opposition (Doc. 13, Def. Br.), and Plaintiff's Reply (Doc. 14, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 10, R.) and now reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

**I.    BACKGROUND**

On September 4, 2015, Plaintiff filed an Application for Supplemental Security Income under Title XVI of the Social Security Act, for a period of disability beginning on September 4, 2015. (R. at 14.) Plaintiff's claim was denied initially and on reconsideration. (*Id.*) Plaintiff and K.M.R. appeared at a video hearing on March 12, 2018.

(*Id.*) On August 6, 2018, the ALJ denied Plaintiff's Application. (R. at 14-27.) That decision became final on April 19, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) This appeal followed.

The Court has reviewed the evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent evidence will be discussed in addressing the issues raised by the parties. In short, K.M.R. was born on April 30, 2008. (R. at 17.) At the time Plaintiff filed the Application, K.M.R was a school-age child. (R. at 17.) The ALJ evaluated K.M.R's disability based on the following severe impairments: attention deficit hyperactivity disorder and major depressive disorder. (R. at 17.)

Ultimately, the ALJ concluded that K.M.R is not disabled. (R. at 26.) The ALJ found that K.M.R. "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1." (R. at 17.) The ALJ also found that K.M.R. "does not have an impairment or combination of impairments that functionally equals the severity of the listings." (R. at 18.) In particular, the ALJ concluded that K.M.R. had less-than-marked limitations in all six of the functional equivalence domains. (R. at 18-26.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant under the age of 18 is disabled for purposes of the Social Security Act, the ALJ follows a three-step process. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.924(b). At step two, the ALJ determines whether the claimant has a medically determinable physical or mental impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.924(c). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.924(d). If so, and the impairment has lasted or is expected to last for a continuous period of at least 12 months, the claimant is automatically found to be disabled. *Id.*

To determine whether the claimant's impairment or combination of impairments functionally equals a listed impairment, the ALJ assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1), (d). To functionally equal a listed impairment, the claimant's impairment or combination of impairments must result in a "marked" limitation in at least two domains or an "extreme" limitation in at least one domain. *Id.* § 416.926a(d). A claimant has a "marked" limitation when the claimant's impairment or combination of impairments "interferes seriously" with her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A claimant has an "extreme" limitation when the claimant's impairment or combination of impairments "interferes very seriously" with her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

…

…

**III. ANALYSIS**

Plaintiff raises three challenges to the ALJ's decision. First, Plaintiff argues that the ALJ erred in finding that K.M.R. has less-than-marked limitations in the "attending and completing tasks" domain. (Pl. Br. at 18-20.) Second, Plaintiff argues that the ALJ erred in finding that K.M.R. has less-than-marked limitations in the "interacting and relating with others" domain. (Pl. Br. at 20-23.) Based on those two arguments, Plaintiff argues this Court should remand for an award of benefits. (Pl. Br. at 23-24.) Third, and alternatively, Plaintiff argues this case should be remanded for additional fact-finding because the ALJ failed to have K.M.R's functionality evaluated by an expert who had reviewed all of the evidence. (Pl. Br. at 15-17.)[1]

Turning to Plaintiff's first argument, the purpose of the "attending and completing tasks" domain is to assess "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h). For school-aged children such as K.M.R., the regulations provide that:

> [Y]ou should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation

*Id.* § 416.926a(h)(2)(iv). The regulations also identify, as illustrative examples of limited functioning in this domain, being "easily startled, distracted, or overreactive to sounds,

---

[1] Although Plaintiff raised these issues in a different order in her brief, the Court has reordered them. This is because the first two reordered issues address whether the ALJ properly evaluated the evidence that was in the record, while the third reordered issue addresses whether the ALJ should have expanded the record by soliciting additional evidence.

sights, movements, or touch," being "slow to focus on, or fail[ing] to complete activities of interest to you, e.g., games or art projects," being "repeatedly . . . sidetracked from your activities or . . . frequently interrupt[ting] others," being "easily frustrated and giv[ing] up on tasks, including ones you are capable of completing," and "requir[ing] extra supervision to keep you engaged in an activity." *Id.* § 416.926a(h)(3).

Here, the ALJ carefully summarized the evidence pertaining to K.M.R.'s ability to attend and complete tasks and noted that it painted a mixed picture. On the one hand, the ALJ acknowledged that K.M.R. had been diagnosed with ADHD, had gotten into trouble at school for getting out of her seat, had been prescribed an array of medications in an attempt to manage her hyperactivity, and had received negative reports from teachers concerning her carelessness, need for reminders, difficulty with organization, and failure to complete tasks. (R. at 21.) On the other hand, the ALJ noted that K.M.R.'s teacher noted improvement when K.M.R. was taking her ADHD medications, that the progress notes from several different facilities did not describe K.M.R. as restless or hyperactive, that one facility even described K.M.R. as "appropriate" for her age, that K.M.R. had never been placed on an individualized educational plan ("IEP"), and that K.M.R. "herself reported that she is able to watch television and play games on a phone." (R. at 21-22.) Additionally, the ALJ noted that none of the state agency consultants who had reviewed K.M.R.'s case held the opinion that K.M.R. possessed marked limitations in this area. (R. at 21.) Thus, the ALJ concluded that "the claimant has less than marked limitation in attending and completing tasks." (R. at 21.)

Plaintiff argues this conclusion was erroneous because an array of additional information pertaining to K.M.R.'s limitations came to light after the state agency consultants rendered their opinions—among other things, K.M.R. subsequently performed poorly when repeating first grade and when in second grade, a doctor subsequently opined that K.M.R.'s ADHD was sub-optimally controlled and that she should undergo a psychiatric evaluation, and medical professionals subsequently observed K.M.R. displaying poor eye contact and having difficulty sustaining play. (Pl. Br. at 19-20.)

Plaintiff also criticizes the ALJ for "seiz[ing] too firmly . . . on a brief moment of glimmering hopeful improvement near-immediately after medication was first started," for characterizing K.M.R. academic performance too charitably, and for failing to fully credit Plaintiff's testimony concerning K.M.R.'s attention problems. (*Id.*) In response, the Commissioner argues that (1) the individual pieces of evidence cited by the ALJ (including K.M.R.'s participation in, and interest regarding, hobbies and extracurricular activities, K.M.R.'s display of appropriate behavior during examinations, and K.M.R.'s improvement while on medication) support the ALJ's conclusion, and (2) the ALJ's conclusion also must be affirmed because the "[s]tate agency psychological and pediatric consultants . . . opined that [K.M.R.] had less than marked limitations" and "the ALJ was entitled to rely on their opinions." (Def. Br. at 6-7.)

The ALJ did not commit reversible error by concluding, based on the evidence before him, that K.M.R. had less-than-marked limitations concerning the "attending and completing tasks" domain. The ALJ identified an array of evidence that supported a finding of less-than-marked limitations in this area. This Court may very well have reached a different opinion had it been presented with the same evidence, but the ALJ's interpretation was a reasonable one supported by substantial evidence—the evidence cuts in both directions. Reversal is not warranted in this circumstance. *See, e.g., Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[T]he ALJ's interpretation of her testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it.").

Given this conclusion, there is no need to address Plaintiff's second argument—her challenge to the ALJ's finding that K.M.R. had less-than-marked limitations concerning the "interacting and relating with others" domain. Even if the ALJ had made a finding of marked limitations in this area, as Plaintiff contends he should have, K.M.R. would not have been considered disabled—as noted, a finding of disability only follows "if you have

'marked' limitations in *two* of the domains." 20 C.F.R. § 416.926a(d) (emphasis added).

This leaves Plaintiff's final argument—her contention that she is entitled to remand because the ALJ "should have had an expert review [K.M.R.'s] entire case in light of the decision in *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006 (9th Cir. 2003)." (Pl. Br. at 15.) According to Plaintiff, *Howard* requires an ALJ presiding over a juvenile's claim for disability benefits to arrange for a qualified pediatrician (or other specialist) to evaluate the minor's claim "based on the record in its entirety," after "considering all of the medical records." (*Id.* at 16.) Plaintiff argues the ALJ failed to do so here because the state agency consultants' opinions "were nearly two-and-a-half years old when the ALJ made his decision and, during those years, a significant amount of evidence was added to the record." (*Id.* at 17.) In response, the Commissioner argues that the ALJ complied with *Howard* "by relying upon the relevant expertise of two State agency reviewing psychologists and two State agency reviewing pediatricians." (Def. Br. at 9.) As for Plaintiff's argument that those doctors failed to consider the additional evidence developed during the two-and-a-half-year period after they rendered their opinions, the Commissioner argues that "this argument is unavailing because the evidence during this period supports the ALJ's findings." (*Id.* at 10.)

The Social Security Act provides that, when evaluating a juvenile's claim for disability benefits, "the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual . . . evaluates the case of such individual." 42 U.S.C. § 1382c(a)(3)(I). In *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006 (9th Cir. 2003), the Ninth Circuit held that an ALJ violated this provision by relying on the "individual evaluations and reports" of several different specialists, who rendered opinions that "pertained to each of their individual specialties," in lieu of arranging for a qualified expert "to have [the juvenile's] case evaluated in its entirety." *Id.* at 1014. The court held that, under section 1382c(a)(3)(I), "the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or

other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." *Id.*

Although *Howard* did not explicitly address *when* the pediatrician or other specialist must render this holistic case evaluation, courts have interpreted *Howard* as requiring the evaluation to be made close to the time of the ALJ's decision, so as to ensure that the evaluation encompasses all of the relevant evidence. For example, in *Serna ex rel. R.S.S. v. Colvin*, 2015 WL 1508411 (D. Ariz. 2015), the court reversed an ALJ's denial of a juvenile's claim for disability benefits in part because "[e]ven assuming that the medical evaluations substantially complied with § 1382c(a)(3)(I) when authored, they did not meet the requirements of *Howard*. . . [because they] were more than eight months old when the ALJ made a decision and, during those eight months, a significant amount of relevant evidence was added to the record." *Id.* at *8. Similarly, in *Godwin ex rel. V.E. v. Comm'r of Soc. Sec.*, 2010 WL 1337745 (D. Ariz. 2010), the court held that "assuming, without deciding, that the four evaluations substantially complied with § 1382c(a)(3)(I) when authored, . . . they were more than three-years old when the ALJ made her decision and, during those three years, a significant amount of evidence was added to the record. . . . Accordingly, the Court cannot now correctly describe the four case-wide evaluations that took place 2003 and 2004 as having considered V.E.'s case 'based on the record in its entirety.' Based on the *Howard* decision, and out of an abundance of caution, the Court finds, therefore, that the ALJ erred by not making a reasonable effort to obtain a case evaluation based on the record in its entirety. The case must therefore be remanded to have a pediatrician or other appropriate specialist evaluate the case based on the record in its entirety and considering all of the medical records." *Id.* at *4.

Here, the Commissioner seems to accept (and, at a minimum, doesn't dispute) Plaintiff's interpretation of *Howard* as requiring a close temporal relationship between the issuance of the doctor's opinion and the ALJ's hearing.[2] Given this position, and in light

---

[2] Although the Commissioner states, in a footnote, that "the agency disagrees with the Ninth Circuit's decision in *Howard* as a matter of record" (Def. Br. at 6 n.1), the Commissioner doesn't argue that, in general, it is permissible under *Howard* to have a lengthy gap between the issuance of the doctor's opinion and the ALJ's hearing—instead,

- 8 -

of the fact that other courts have interpreted *Howard* in this manner, the Court will assume for purposes of this case that this interpretation is correct.

As noted, the Commissioner's sole argument concerning the temporal gap is that it was harmless in this case because "the evidence during this period supports the ALJ's findings." (Def. Br. at 8.) But this claim is inaccurate. As Plaintiff points out in her brief, much of the new evidence that came to light in 2017 arguably supports K.M.R.'s disability claim. (Pl. Br. at 9-10.) This is evidence that, under *Howard*, the pediatrician (or other specialist) responsible for rendering the case-wide evaluation should have considered. And because the ALJ relied in part on the state agency consultants' opinions when determining that K.M.R. was not disabled, this error was not harmless.

**IT IS THEREFORE ORDERED** reversing the August 6, 2018 decision of the Administrative Law Judge (R. at 11-31), as upheld by the Appeals Council on April 19, 2019 (R. at 1-6).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 10th day of July, 2020.

_____
Dominic W. Lanza
United States District Judge

---

the Commissioner's argument is that the delay wasn't erroneous *in this case* because the new evidence adduced during the gap wasn't favorable to the claimant.