**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Koroma,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-19-04459-PHX-DWL<br><br>**ORDER** |

    Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b), (Doc. 20), submitted by Plaintiff's counsel and real-party-in-interest, Jason Scott Rodman ("Counsel").

    "Under 42 U.S.C. § 406(b) . . . , a prevailing [Social Security benefits] claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792-93 (2002). "In many cases, as in the instant case, the Equal Access to Justice Act (EAJA), enacted in 1980, effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Id.* at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'" *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased

by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

Here, Counsel seeks $9,050.50 in § 406(b) fees, "as a *net* award that already has subtracted the EAJA amount." (*Id.* at 2.) In other words, Counsel seeks a § 406(b) award of $12,519.23[1] *minus* the $3,468.72 EAJA award he already received[2] (*id.*), to save himself the hassle of refunding to Plaintiff the amount of the EAJA award—and perhaps to avoid "intercept[ion] to satisfy a federal debt." (*Id.* at 2 ¶ 5.) Under Counsel's proposed "net award" plan, the Commissioner would retain a portion of the funds that it has been withholding to pay § 406(b) fees, and therefore the burden would shift to the Commissioner to refund the $3,468.72 balance to Plaintiff.

The Commissioner normally "has no direct financial stake in the answer to the § 406(b) question" because the award, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Here, however, the Social Security Administration would be affected to some extent by Counsel's proposed "net award" plan, and the Commissioner objects—not to the amount of fees requested, but to the "net award" method of awarding them. (Doc. 22 at 4-5.)

In his reply, Counsel does not address the Commissioner's opposition to the "net award" method, instead cabining his short reply to defending the reasonableness of the fees requested (Doc. 23 at 1-2)—which the Commissioner did not challenge.

Moreover, the only authority Counsel provided in the motion for using the "net award" method is an out-of-circuit case that does not support the use of this method. Counsel stated that "[t]he Seventh Circuit has determined that 'the netting method is permissible,'" quoting *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020). (Doc. 20 at 2 ¶ 1.) This quotation was taken out of context. The Seventh Circuit stated that "*even if* the netting method is permissible under § 406(b)(1), it is 'disfavored' in light of the

---

[1] This is 25% of Plaintiff's past-due benefits, which are $50,076.91. (Doc. 20-5 at 2.)
[2] Pursuant to the Court's October 30, 2020 order, the EAJA award was paid to Counsel, rather than to Plaintiff. (Doc. 19 at 2.)

- 2 -

[statutory] language that anticipates an attorney-to-claimant refund." *O'Donnell*, 983 F.3d at 957. The Seventh Circuit found "no statutory requirement that the court order netting in any or all circumstances" and found instead that the statute "contemplates a refund by the attorney." *Id.*

Assuming *arguendo* that the "net award" method is permissible, *see, e.g.*, *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012), it remains within the Court's discretion to award fees in the usual way—the way that is expressly contemplated by the statute. Particularly in light of Counsel's failure to defend the "net award" method in his reply, the Court will not employ this atypical method.

All that remains, then, is the Court's standard analysis upon receipt of a § 406(b) motion. Here, as usual, the client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits awarded to her. (Doc. 20-1 at a.) These 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht*, 535 U.S. at 802-04.

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807-08. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Court must determine whether it is appropriate to reduce Counsel's recovery "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case."[3] *Id.* at

---

[3] This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all.").

808.

Counsel included a record of the hours he spent representing Plaintiff. (Doc. 20-2 at 1.) Having reviewed the timesheet, the Court finds no cause to reduce Counsel's recovery.

Accordingly,

**IT IS ORDERED** that Counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 20) is **granted** in the amount of $12,519.23.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the EAJA fee award to Plaintiff.

Dated this 28th day of July, 2021.

Dominic W. Lanza
United States District Judge